UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HENADZI KIRYKOVICH,

                    Petitioner,

        v.

JULIO HERNANDEZ et al.,

                    Respondents.[1]

CASE NO. 2:26-cv-00695-JNW

ORDER GRANTING HABEAS
CORPUS PETITION

Petitioner Henadzi Kirykovich is detained by Immigration and Customs Enforcement (ICE) at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Dkt. No. 1. He asks the Court to order his release and enjoin any future re-detention absent written notice and a pre-deprivation hearing. The Court GRANTS the petition for the reasons stated below.

---

[1] Julio Hernandez is the Acting Field Office Director for ICE/ERO's Seattle Field Office and is substituted as Respondent for Laura Hermosillo under Federal Rule of Civil Procedure 25(d).

**ORDER GRANTING HABEAS CORPUS PETITION** - 1

## 1.  BACKGROUND

Kirykovich is a citizen of Belarus. Dkt. No. 5 ¶ 4. He entered the United States at the Calexico, California port of entry on May 21, 2022, and was detained shortly after. *Id.* ¶ 5. The next day, on May 22, 2022, he was served with a Notice to Appear ("NTA") designating him as an "arriving alien" and inadmissible for lacking valid entry documents. Dkt. No. 6-1 at 2. He was "paroled from custody for a period of one year until May 20, 2023, and he was released from immigration custody with alternative to detention ("ATD") conditions." Dkt. No. 5 ¶ 7.

On July 15, 2025, an Immigration Judge ordered Kirykovich removed to Belarus after a merits hearing. *Id.* ¶ 10. He appealed. That order is now pending before the Board of Immigration Appeals.

On February 3, 2026, ICE arrested Kirykovich and placed him in the NWIPC where he remains. *Id.* ¶ 14. Respondents assert that Kirykovich violated his ATD conditions several times between September 2022 and January 2026. *Id.* ¶¶ 9, 12.

## 2.  DISCUSSION

**2.1   Legal standards.**

### 2.1.1    Habeas relief.

Federal courts have authority to grant writs of habeas corpus to any person held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Habeas corpus "entitles [a] prisoner to a meaningful opportunity to demonstrate that he is being held pursuant to 'the erroneous application or interpretation' of relevant law." *Boumediene v. Bush*, 553 U.S. 723,

ORDER GRANTING HABEAS CORPUS PETITION - 2

779 (2008) (quoting *INS v. St. Cyr*, 533 U.S. 289, 302 (2001)). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody," and thus to warrant relief, a petitioner must demonstrate that his detention is unlawful. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see Lambert v. Blodgett*, 393 F.3d 943, 969 n.16 (9th Cir. 2004) ("In state collateral litigation, as well as federal habeas proceedings, it is the petitioner who bears the burden of proving his case."); *see also Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004) ("petitioner carries the burden of proving by a preponderance of the evidence that he is entitled to habeas relief" when challenging incarceration by the state under 28 U.S.C. § 2254). A district court's habeas jurisdiction extends to challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 517 (2003).

### 2.1.2    Other equitable relief.

Federal courts have "long recognized the existence of an implied cause of action through which plaintiffs may seek equitable relief to remedy a constitutional violation." *Roman v. Wolf*, 977 F.3d 935, 941 (9th Cir. 2020). "Where habeas petitioners raise Due Process claims and have also invoked the Court's jurisdiction under 28 U.S.C. § 1331, the Court has 'the authority both to entertain [the petitioner's] constitutional challenges and to grant injunctive relief in response to them,' 'irrespective of the accompanying habeas petition.'" *See Francisco Lorenzo v. Bondi*, Case No. 2:25-cv-02660-LK, 2026 WL 237501, at *6 (W.D. Wash. Jan. 29, 2026) (quoting *Roman*, 977 F.3d at 941–42). "Once a [constitutional] right and a

ORDER GRANTING HABEAS CORPUS PETITION - 3

violation have been shown, the scope of a district court's equitable powers to remedy past wrongs is broad, for breadth and flexibility are inherent in equitable remedies." *Roman*, 977 F.3d at 942 (quoting *Swann v. Charlotte-Mecklenburg Bd. of Educ.*, 402 U.S. 1, 15 (1971)).

Plaintiffs seeking a permanent injunctions must show: "(1) that [they] ha[ve] suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange*, L.L.C., 547 U.S. 388, 391 (2006); *see Francisco Lorenzo,* 2026 WL 237501, at *6 (applying permanent injunction standard to injunctive relief requested in immigration habeas proceedings).

## 2.2    Revocation of release must comport with due process, regardless of the detention statute that applies.

Respondents contend that Kirykovich is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) as an arriving alien and applicant for admission. Kirykovich does not dispute that his NTA designated him as an arriving alien. Dkt. No. 1 at 6. Respondents invoke the entry fiction doctrine and argue, relying on *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020), and *Jennings v. Rodriguez,* 583 U.S. 281 (2018), that Kirykovich possesses only the limited due process rights Congress has expressly provided. Dkt. No. 4 at 8. Kirykovich did not address these authorities. The Court has independently considered them and finds they do not control here.

**ORDER GRANTING HABEAS CORPUS PETITION** - 4

*Thuraissigiam* held that an applicant for admission "has only those rights regarding admission that Congress has provided by statute." 591 U.S. at 140. But as Judge Pechman explained in *Padilla v. U.S. Immigration & Customs Enforcement*, 704 F. Supp. 3d 1163 (W.D. Wash. 2023)—a case decided on remand from the Ninth Circuit with instructions to reconsider in light of *Thuraissigiam*—that holding is "necessarily constrained to challenges to admissibility to the United States" *Id.* at 1171. The respondent in *Thuraissigiam* sought a new opportunity to apply for asylum; he "made no mention of release from custody." *Id*. Kirykovich, by contrast, does not challenge the admissions process or assert a right to remain. He challenges only the government's authority to revoke his release and re-detain him without any process—a claim that falls outside *Thuraissigiam*'s limited holding. *See Padilla*, 704 F. Supp. 3d at 1172 ("Nothing in *Thuraissigiam* suggests Plaintiffs lack such a due process right.").

As for *Jennings*, the Court resolved only the statutory question—whether §§ 1225(b) and 1226(c) implicitly require bond hearings—and held they do not. 583 U.S. at 297–306. The Court did not hold that the Constitution permits the government to revoke a noncitizen's release without any process whatsoever. To the contrary, the Court expressly left open as-applied constitutional challenges. *Id*. at 311–12.

The Due Process Clause applies to Kirykovich, who was deprived of his liberty when ICE revoked his release under the Intensive Supervision Appearance Program ("ISAP")/Alternatives to Detention Program ("ATD") and detained him—

ORDER GRANTING HABEAS CORPUS PETITION - 5

regardless of whether he is subject to § 1225(b) or § 1226(a). Courts have consistently so held. *See, e.g., Osuna Benitez v. Hermosillo*, Case No. 2:25-cv-02535-BAT, 2025 WL 3763932, at *3 (W.D. Wash. Dec. 30, 2025) (citing *Zadvydas*, 533 U.S. at 693); *see also Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) ("[E]ven when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody she has a protected liberty interest in remaining out of custody."); *Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, 1137 (W.D. Wash. 2025) (quoting *E.A. T.-B v. Wamsley*, 795 F. Supp. 3d 1316, 1322 (W.D. Wash. 2025)) ("[T]he fact 'that the Government may believe it has a valid reason to detain Petitioner does not eliminate its obligation to effectuate the detention in a manner that comports with due process.'"); *Arrioja Blanco, et al. v. Hermosillo, et al.*, Case No. C26-493-MLP, 2026 WL 548056, at *2 (W.D. Wash. Feb. 27, 2026) ("Courts have held that noncitizens paroled or released from § 1225(b) custody retain a protected liberty interest in continued release and are entitled to procedural safeguards before being returned to custody, regardless of whether § 1225(b)(1) or (b)(2) applies."); *Bealter Reyes et al. v. Hermosillo et al.*, Case No. 2:26-cv-00270-TLF, 2026 WL 507678, at *2 (W.D. Wash. Feb. 24, 2026) ("[T]he Court need not consider whether there is a statutory basis...upon which petitioners may be lawfully detained...because even assuming a statute permits government detention of an individual, the Due Process Clause may provide procedural protections not found in the statue."); *P.T. v. Hermosillo*, Case No. C25-2249-KKE, 2025 WL 3294988, at *2 n.1 (W.D. Wash. Nov. 26, 2025) ("To the extent that the Government's briefing suggests that Section

ORDER GRANTING HABEAS CORPUS PETITION - 6

1225(b) should be the beginning and end of the Court's inquiry, this position is emphatically rejected.").

The Government's reliance on *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), is misplaced. That decision is not binding on this Court, is inconsistent with the Ninth Circuit's approach, and is unpersuasive for the reasons the Court has previously explained. *See A.B.J.C. v. Hermosillo*, No. 2:26-CV-00185-JNW, 2026 WL 497097, at *3 (W.D. Wash. Feb. 23, 2026).

Accordingly, the Court turns to Kirykovich's constitutional challenge.

### 2.3   Kirykovich's detention without notice and a pre-deprivation hearing violates procedural due process.

Kirykovich's detention violates due process because ICE revoked his release under the ISAP/ATD program and detained him without providing notice and a pre-deprivation hearing.

To determine what process the Government must provide before depriving a person of a constitutionally protected interest, courts apply the test set out in *Mathews v. Eldridge*, 424 U.S. 319, 334–35 (1976). They weigh: (1) the private interest at stake; (2) the risk of erroneous deprivation through existing procedures and "the probable value, if any, of additional or substitute procedural safeguards"; and (3) the Government's interest, "including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Id.* at 335. This Court has applied that test in materially similar circumstances and found that due process requires pre-deprivation notice and a hearing before revoking a noncitizen's release order and re-detaining

ORDER GRANTING HABEAS CORPUS PETITION - 7

them. *See Ledesma Gonzalez*, Case No. 2:25-cv-01404-JNW-GJL, 2025 WL 2841574, at *7 (W.D. Wash. Oct. 7, 2025); *Jairo Espinoza Palacios, et al. v. Laura Hermosillo, et al.*, 2:26-CV-491-JNW, 2026 WL 686138, at * 7 (W.D. Wash. Mar. 11, 2026) (same).

The Court finds no reason to distinguish this case from those prior holdings. Considering the first *Mathews* factor, Kirykovich has a strong liberty interest in not being detained. "Petitioner's interest in not being detained is 'the most elemental of liberty interests.' " *Osuna Benitez*, 2025 WL 3763932, at *3 (quoting *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004)); *Zadvydas*, 533 U.S. at 690 ("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty [the Due Process Clause] protects."). That liberty interest exists even when release is conditional and must be afforded substantial weight. *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. Mar. 3, 2025) (collecting cases).

Second, without notice and a pre-deprivation hearing, the risk of erroneous deprivation is high. The need for a hearing is especially clear here—Respondents assert that Kirykovich was detained for in part for checking in "outside the permitted geographic zone[.]" Dkt. No. 5 ¶ 9. But Hanna Kirykovich, Petitioner's wife, declares that ICE never informed them that they were "restricted to a particular part of the United Stated in our movement[s]." Dkt. No. 9-1 at 2. Ms. Kirykovich's declaration suggests that Petitioner has been diligent in complying with the terms of his ATD. *Id*. Respondents also allege that Kirykovich "physically assaulted ATD staff during an in-office check-in, causing the staff to flee the office."

ORDER GRANTING HABEAS CORPUS PETITION - 8

Dkt. No. 4 at 3. Yet Deportation Officer Gabriel Arambula describes the incident differently, stating Kirykovich "physically assaulted BI staff members and fled the BI office." Dkt. No. 5 ¶ 13. In the Return, it was the staff who fled; in the Declaration, it was Kirykovich. These divergent accounts illustrate precisely why a pre-deprivation hearing before a neutral arbiter is necessary.

Third, "the Government's interest in re-detaining non-citizens previously released without a hearing is low." *Ledesma Gonzalez*, 2025 WL 2841574, at *8 (citing *E.A. T.-B.*, 795 F. Supp. 1324). Respondents contend that they have a strong interest in "ensuring that applicants for admission do not abscond during removal proceedings, and protecting the public from individuals who have demonstrated repeated noncompliance and violence." Dkt. No. 4 at 10. They also contend that additional process will impose significant fiscal and administrative burdens on the government. *Id*. Courts have routinely found that the fiscal and administrative burden in providing a custody hearing is low. *See, e.g., Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019); *Tzafir v. Bondi*, No. 25-CV-02067-JHC-SKV, 2026 WL 74088, at *4 (W.D. Wash. Jan. 9, 2026).

Furthermore, while Respondents have a legitimate interest in detaining removable noncitizens under certain circumstances, they have not shown that interest is meaningfully at play here. Kirykovich has lived in the United States for a number of years with his wife and children. He is awaiting the results of his BIA appeal of his removal order. He has been employed, taking classes, and supporting his family. Dkt. No. 9-1. He has strong ties to his local community. *Id*. Respondents point to no evidence beyond their own unilateral characterization of ATD violations,

**ORDER GRANTING HABEAS CORPUS PETITION** - 9

indicating that Kirykovich poses a genuine flight risk. Accordingly, the Court finds that Respondent's interest here is low.

Based on this review of the *Mathews* factors, the Court finds that Kirykovich's detention violates due process. The appropriate remedy is immediate release. Respondents argue that, at most, the Court should order a custody redetermination hearing rather than release. Dkt. No. 4 at 11. The Court disagrees. Because the constitutional violation is the absence of *pre-deprivation* process, the proper remedy is to restore the status quo ante—that is, to return Kirykovich to the conditions that existed before his unlawful detention. Ordering a hearing while Kirykovich remains detained would not adequately vindicate his rights; it would reward the government for detaining first and asking questions later. This is an independent basis for immediate release.

## 2.4   Respondents must follow the law if they re-detain Kirykovich.

Having found a due process violation, the Court further finds that issuing the requested injunctive relief is appropriate. Each of the four *eBay* factors supports this conclusion. *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

First, Kirykovich has suffered irreparable harm and such harm is likely to recur absent injunctive relief to protect against future constitutional violations. ICE detained him without process and his alleged history of ATD violations makes him a likely target for future detention. Respondents maintain that Kirykovich is not entitled to more process than he has already been afforded, leaving the Court with no assurances that Kirykovich will not be subject to the same due process violation

**ORDER GRANTING HABEAS CORPUS PETITION** - 10

again. *See eBay*, 547 U.S. at 391. Second, monetary damages are inadequate to remedy the deprivation of liberty, and third, requiring Respondents to follow constitutional procedures imposes no undue hardship. Lastly, the public interest favors compliance with the law.

Several courts in this district have granted similar relief under comparable circumstances. *See, e.g.*, *Nguyen v. Bondi*, No. 2:25-CV-02723-RAJ, 2026 WL 183819, at * 6 (W.D. Wash. Jan. 23, 2026); *Wana v. Bondi*, No. 25-cv-2321, 2025 WL 3628634, at *6 (W.D. Wash. Dec. 15, 2025) (prohibiting re-detention without notice and hearing); *Tzafir*, 2026 WL 74088, at *5; *Yuksek v. Bondi*, No. 25-cv-2555, 2026 WL 60364, at *5 (W.D. Wash. Jan. 8, 2026) (same); *Jairo Espinoza Palacios, et al,* 2026 WL 686138, at * 10 (same).

Accordingly, the Court prohibits Kirykovich's re-detention unless Respondents first provides written notice of the basis for his proposed re-detention and an Immigration Court hearing is held to determine whether detention is appropriate.

### 2.5    Respondents bear the burden of proof by clear and convincing evidence at any of Petitioner's future pre-detention hearing.

Kirykovich argues that at any future, pre-detention hearing in Immigration Court, Respondents must bear the burden of proof by clear and convincing evidence. Dkt. No. 1 at 13. Respondents contend that such relief is not constitutionally required. Dkt. No. 4 at 10. The Court agrees with Kirykovich that this evidentiary standard is appropriate. As other courts have found, when a petitioner is initially released that reflects a government determination that they

ORDER GRANTING HABEAS CORPUS PETITION - 11

were not a danger or a flight risk. Kirykovich's release on parole and into the ATD program could only have occurred if Respondents found that he was not a danger to the community or a flight risk. 8 C.F.R. § 1236.1(c)(8) (authorizing certain officers to release noncitizens on conditions of release only if the noncitizen has "demonstrate[d] to the satisfaction of the officer that such release would not pose a danger to property or persons, and that [they are] likely to appear for any future proceeding"); *see also Espinoza v. Kaiser*, Case No. 1:25-cv-01101 JLT SKO, 2025 WL 2581185, at *13–14 (E.D. Cal. Sep. 5, 2025); *Martinez Hernandez v. Andrews*, Case No. 1:25-CV-01035 JLT HBK, 2025 WL 2495767, at *13–14 (E.D. Cal. Aug. 28, 2025).

Other courts have adopted this requirement finding it particularly logical when, as here, "the petitioner's initial release reflected a determination by the government that the noncitizen is not a danger to the community or a flight risk." *Espinoza*, 2025 WL 2581185, at *14; *see, e.g.*, *Pinchi*, 792 F. Supp. 3d at 1034–36; *Singh v. Noem, et al.*, Case No. 2:26-cv-00403-GJL, 2026 WL 555397, at *3 (W.D. Wash. Feb. 27, 2026); *Subham v. Noem*, Case No. C26-292-SKV, 2026 WL 497101, at *5 (W.D. Wash. Feb. 23, 2026); *Martinez Hernandez*, 2025 WL 2495767, at *13; *Jairo Espinoza Palacios et al,* 2026 WL 686138, at * 11.

The Court acknowledges that the Ninth Circuit has not yet addressed this issue. However, given the weight of persuasive precedent and Respondents' failure to meaningfully address the issue, the Court finds it appropriate to require Respondents to meet the clear and convincing evidence standard at any future pre-detention hearing for Kirykovich.

**ORDER GRANTING HABEAS CORPUS PETITION** - 12

## 3.  CONCLUSION

Accordingly, the Court orders as follows:

1.  The Petition for a Writ of Habeas Corpus is GRANTED, Dkt. No. 1.

2.  Respondents must RELEASE Petitioner from custody within TWENTY-FOUR (24) hours of this order, subject to his most recent, pre-detention conditions of release.

3.  Upon Petitioner's release, Respondents must return to Petitioner any personal property, including personal identification documents (other than a passport) and employment authorization documents.

4.  Respondents are enjoined from re-detaining Petitioner during the pendency of his removal proceedings absent written notice and a hearing prior to re-detention where Respondents must prove by clear and convincing evidence that Petitioner is a flight risk or danger to the community and that no alternatives to detention would mitigate those risks.

5.  Within FORTY-EIGHT (48) hours of Petitioner's release, Respondents must PROVIDE the Court with a status report confirming that Petitioner has been released from custody and informing the Court of the date and time of his release.

6.  Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412. *See Daley v. Ceja*, 158 F.4th 1152, 1162 (10th Cir. 2025) (the Equal Access to Justice Act authorizes the

ORDER GRANTING HABEAS CORPUS PETITION - 13

award of attorney's fees to petitioners who prevail against the government in immigration habeas actions).

Dated this 1st day of April, 2026.

Jamal N. Whitehead
United States District Judge

**ORDER GRANTING HABEAS CORPUS PETITION** - 14